# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JERRY LEE HUSKEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00731-AGF |
| | ) | |
| PAUL BURRIS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jerry Lee Huskey, Jr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $0.81. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss all of plaintiff's official capacity claims. Furthermore, the Court will dismiss the individual capacity claims against defendants Burris, Hickle, Fox, Crowell, Rowe, Lorts, Dowdy, Alexander, Reed, Jones, and Carl. However, the Court will direct the Clerk of Court to issue process upon defendants Kelly and Shults in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 3). The certified inmate account statement shows an average monthly deposit of $4.05. The Court will therefore assess an initial partial filing fee of $0.81, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual

allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) .

### The Complaint

Plaintiff is currently an inmate at Jefferson City Correctional Center in Jefferson City, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint lists seventeen separate defendants. Defendants Unknown Administrator/President, Unknown Assistant Administrator/Vice President, and Unknown Training Supervisor are employees of Advanced Correctional Healthcare and are sued in their official capacities only. (Docket No. 1 at 5). Defendants Paul Burris and Dionne Kelly are also employed by Advanced Correctional Healthcare and are sued in their individual and official capacities. Defendants William Hickle and Brendon Fox are employed by the Phelps County Courthouse and are sued in their individual

and official capacities. (Docket No. 1 at 5-6). Defendants Matthew Crowell and Brittany Rowe are employed by the Missouri State Public Defender's Office and are sued in their individual and official capacities. (Docket No. 1 at 6). Defendant Rick Lisenbe is the Phelps County Sheriff and is sued in his official capacity only. Defendants Matthew Shults, Steven Lorts, Unknown Dowdy, Unknown Alexander, Unknown Reed, Unknown Jones, and Unknown Carl are employees of the Phelps County Jail and are sued in their individual and official capacities. (Docket No. 1 at 7-8).

On October 24, 2016, plaintiff states that he was traveling home on Highway 72 outside of Rolla, Missouri. (Docket No. 1 at 9). He was "involved in a car accident" and taken to the hospital. A few hours later, he was transported to Phelps County Jail.

Immediately following the car accident, plaintiff began experiencing neck and lower back pain. He also states that he had a tingling, numbing sensation in his hands and feet. Between November 2016 and December 2016, two fillings fell out of plaintiff's teeth. During a two-month span at Phelps County Jail, plaintiff submitted three requests to see a doctor, but claims that he was only allowed to see defendant Kelly, who is a nurse.

At the end of December 2016, Nurse Kelly advised plaintiff that he was on a list to see the doctor. However, as of February 2017, plaintiff states that he submitted a grievance stating that he had not yet had an appointment. Nurse Kelly responded to plaintiff's grievance by noting that plaintiff had refused to attend his appointment, which plaintiff asserts is a lie.

Halfway through the month of April 2017, plaintiff states that he finally saw the doctor, defendant Burris. (Docket No. 1 at 10). Plaintiff claims that Dr. Burris ordered him to be taken to the dentist. Dr. Burris also ordered a neck x-ray. In June 2017, plaintiff was transported to the

hospital for an x-ray. Dr. Burris advised plaintiff that the x-ray showed no broken bones. In July 2017, plaintiff was ordered to be taken back to the hospital for an MRI.

In October 2017, plaintiff states that his attorney, defendant Crowell, informed him that Crowell had met with defendant Shults, the Phelps County Jail administrator. Crowell advised plaintiff that Lieutenant Shults assured him that plaintiff would be taken to a dentist. However, plaintiff asserts that this has not happened.

At the end of October 2017, plaintiff states that he saw Dr. Burris, who told him he believed that plaintiff had an abscessed tooth. (Docket No. 1 at 11). Dr. Burris prescribed "another round" of antibiotics and told plaintiff he was writing an order for plaintiff to be taken to the dentist. Despite this, plaintiff alleges that his medical and dental problems were not properly addressed. He states that it is "clear" that jail staff, jail administration, the doctor, and the nurse have all been deliberately indifferent to his medical and dental needs.

Plaintiff seeks actual damages in the amount of $10,000 and punitive damages in the amount of $500,000. (Docket No. 1 at 28).

### Discussion

Plaintiff alleges that defendants were deliberately indifferent to his medical and dental needs. Having carefully reviewed and liberally construed plaintiff's complaint, the Court must dismiss all of plaintiff's official capacity claims. Furthermore, the Court must dismiss the individual capacity claims against defendants Burris, Hickle, Fox, Crowell, Rowe, Lorts, Dowdy, Alexander, Reed, Jones, and Carl. However, the Court will direct the Clerk of Court to issue process upon defendants Kelly and Shults in their individual capacities.

## A.  Defendants Crowell and Rowe

Defendants Crowell and Rowe are attorneys with the Missouri State Public Defender's Office. Plaintiff's claims against them must be dismissed because they were not acting under color of state law for purposes of § 1983.

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating

that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

Plaintiff alleges that defendant Crowell failed to get his bond reduced, failed to follow through with the jail to ensure his medical and dental needs were met, and failed to file paperwork with the court to ensure the provision of plaintiff's medical and dental needs. (Docket No. 1 at 19). He alleges that Rowe "failed to ensure" his medical and dental needs were met, even after visiting him in the jail.

Crowell and Rowe represented plaintiff in his criminal proceedings. Plaintiff's complaints about them concern their performance of the traditional functions of a defense attorney, including the filing of paperwork and the making of legal arguments before the court. Public defenders performing this role are not acting under color of state law for purposes of § 1983. As such, they are not subject to suit. Accordingly, plaintiff's claims against defendants Crowell and Rowe in their official and individual capacities must be dismissed.

### B. Defendant Hickle

Defendant Hickle is a judge presiding at the Phelps County Courthouse in Rolla, Missouri. Plaintiff's claims against him must be dismissed because defendant Hickle is entitled to judicial immunity.

In general, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462

(8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Id*. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

Plaintiff alleges that defendant Hickle was apprised of plaintiff's medical condition but failed to lower his bond so that he could get out of jail and seek treatment. (Docket No. 1 at 18). Defendant Hickle's refusal to lower plaintiff's bond is clearly a judicial action, one that is normally performed by a judge acting in his judicial capacity. As such, defendant Hickle is immune from § 1983 liability. Accordingly, plaintiff's claims against defendant Hickle must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## C. Defendant Fox

Defendant Fox is a Phelps County prosecutor. Plaintiff's claims against defendant Fox must be dismissed because Fox is entitled to prosecutorial immunity.

Prosecutors are immune from § 1983 liability so long as the actions complained of appears to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.3d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the state in a criminal prosecution. *Id*. On the other hand, a

prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). This immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Id.* Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).

Plaintiff alleges that defendant Fox objected to his request that his bond be reduced so that he could get out of jail and seek medical treatment. (Docket No. 1 at 18). Defendant Fox's objection to a reduction in plaintiff's bond is an action taken in his role as an advocate for the state. As such, defendant Fox is entitled to absolute prosecutorial immunity. Accordingly, plaintiff's claims against defendant Fox must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Official Capacity Claims

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a

"plaintiff who sues public employees in their official…capacities sues only the public employer").

A governmental entity can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can prove the liability of a governmental entity.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when a policy is constitutional on its face, but it is asserted that a governmental entity should have done more to prevent constitutional violations by its employees, "a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, a plaintiff can show the liability of a governmental entity by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

### i.    Advanced Correctional Healthcare Defendants

Defendants Unknown Administrator/President, Unknown Assistant Administrator/Vice President, Training Supervisor/Coordinator, Burris, and Kelly are employed by Advanced Correctional Healthcare. (Docket No. 1 at 2). Plaintiff's claims against these defendants in their official capacities must be dismissed because plaintiff has not adequately alleged that Advanced Correctional Healthcare had an unconstitutional policy or custom or that it was deliberately indifferent in failing to train or supervise its employees.

Plaintiff does not make any allegations regarding any unconstitutional policy or custom. He does, however, state that Advanced Correctional Healthcare employees failed to hire properly trained personnel; failed to ensure that personnel was providing adequate inmate care; and failed to ensure that personnel followed treatment procedures and regulations. (Docket No. 1 at 17). Plaintiff does not provide any factual support or enhancement for these statements. Without a

factual underpinning, plaintiff's allegations amount to legal conclusions, which are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Moreover, without factual allegations, plaintiff's statements do little more than recite the elements of an action to establish the liability of a governmental entity. This is also insufficient for pleading purposes. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than…a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Accordingly, the official capacity claims against defendants Unknown Administrator/President, Unknown Assistant Administrator/Vice President, Training Supervisor/Coordinator, Burris, and Kelly must be dismissed.

### ii. Phelps County Defendants

Defendants Lisenbe, Shults, Lorts, Dowdy, Alexander, Reed, Jones, and Carl are employed by Phelps County, Missouri. (Docket No. 1 at 3). Plaintiff's claims against these defendants in their official capacities must be dismissed because plaintiff has not adequately alleged that Phelps County had an unconstitutional policy or custom or that it was deliberately indifferent in failing to train or supervise its employees.

Plaintiff does not make any allegations that reference an unconstitutional policy or custom on the part of Phelps County. However, he does assert that Phelps County employees failed to train and supervise personnel. None of his allegations, though, provide any indication as to what plaintiff means when he claims that various defendants failed to train personnel. Instead, his pleadings consist of conclusory statements that merely list the elements of a cause of action.

As noted above, such pleading is deficient and does not state a plausible claim for relief. *See Johnson*, 901 F.3d at 977; and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement"). Accordingly, plaintiff's official capacity claims against defendants Lisenbe, Shults, Lorts, Dowdy, Alexander, Reed, Jones, and Carl must be dismissed.

### E. Individual Capacity Claims

The basis of plaintiff's claims against all defendants is that defendants were deliberately indifferent to his medical and dental needs.

The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). In order to meet the objective component of this standard, the complaint must plead facts sufficient to demonstrate that the plaintiff suffered from an objectively serious medical need, meaning one that has been diagnosed by a physician as requiring treatment or that is so obvious even a layperson would recognize the need for a doctor. *See Barton*, 820 F.3d at 964.

### i.      Defendant Burris

Plaintiff has failed to adequately allege a claim of deliberate indifference against defendant Burris, who is plaintiff's treating physician.

Plaintiff alleges that Dr. Burris failed to make and follow a treatment plan, failed to compel the jail to follow his orders, failed to follow the Hippocratic Oath, and attempted to "Band-Aid" his medical and dental issues instead of "properly" treating them. (Docket No. 1 at 16). He also states that Dr. Burris prescribed him an insufficient amount of Tylenol, even though he was in "excruciating pain," and prescribed antibiotics for his abscessed tooth rather than insisting the jail take him to the dentist. These allegations are not sufficient to state a claim of deliberate indifference.

To begin, plaintiff's allegations regarding Dr. Burris' alleged failure to make a treatment plan, follow the Hippocratic Oath, and properly treat his medical and dental issues are conclusory in nature and are not entitled to the presumption of truth. *See Wiles*, 280 F.3d at 870 (stating that while "court must accept allegations of fact as true…the court is free to ignore legal

conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Likewise, plaintiff's complaints about Dr. Burris' prescription of Tylenol and antibiotics only amount to a disagreement in the course of plaintiff's treatment. However, a disagreement over treatment decisions does not rise to the level of a constitutional violation. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). The Eighth Amendment does not prevent doctors from exercising their professional judgment, and plaintiff provides no facts to establish that Dr. Burris' course of treatment constituted deliberate indifference. *See White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988) (stating that doctors "are entitled to exercise their medical judgment"). Finally, plaintiff's avowal that Dr. Burris is liable because he did not "compel" the jail to follow his orders is unavailing, because plaintiff has not alleged any facts to show that such compulsion was within Dr. Burris' authority.

Plaintiff's statement of claim shows that he saw Dr. Burris on a number of occasions. During the course of those appointments, plaintiff acknowledges that Dr. Burris ordered him to be taken to the hospital for an x-ray, ordered him taken to the hospital for an MRI, and ordered him to see a dentist. (Docket No. 1 at 10). Dr. Burris informed plaintiff that he had no broken bones, and prescribed medications that included antibiotics, Orajel, and Tylenol. While plaintiff may disagree with the course of this treatment, these facts do not support an allegation that Dr. Burris was deliberately indifferent to a serious medical need. Accordingly, plaintiff's claims against defendant Burris in his individual capacity must be dismissed.

## ii. Defendant Reed

Plaintiff has failed to adequately allege a claim of deliberate indifference against defendant Reed, a correctional officer at the Phelps County Jail.

Defendant Reed is mentioned only once in plaintiff's statement of claim. Plaintiff states that he was speaking with his attorney when hip pain caused him to become lightheaded. (Docket No. 1 at 12). He claims the pain caused him to faint, and when he "came to," Officer Reed did not "bother to call 911" even though plaintiff was laying on the floor. Plaintiff also states that Officer Reed failed to supervise, failed to aid inmates with obtaining medical and dental treatment, knowingly chose to look the other way, and knowingly ignored the need for medical and dental care. (Docket No. 1 at 22). These allegations are insufficient to state a claim of deliberate indifference or any other constitutional violation.

Plaintiff's allegation that Officer Reed failed to call 911 after he fainted does not establish that Officer Reed knew of and disregarded a serious medical need. *See Jackson*, 756 F.3d at 1065. Plaintiff does not state how long he was unconscious, whether he was injured, or whether the extent of his injuries was apparent. In other words, he does not provide any facts demonstrating that calling 911 was even necessary. Furthermore, he fails to state how much of this incident Officer Reed witnessed. That is, it is not apparent from the complaint whether Officer Reed saw plaintiff faint, or whether he arrived later. In short, plaintiff's fleeting reference to Officer Reed does not establish that Reed's failure to call 911 violated the Eighth Amendment.

Plaintiff's other allegations fail because they are legal conclusions. He provides no factual support for his statements that Officer Reed failed to supervise, failed to aid inmates with obtaining medical and dental care, chose to look the other way, or knowingly ignored the need for medical and dental care. There is not a single factual example to indicate what Officer Reed did or did not do. This type of conclusory pleading, relying on labels and unwarranted inferences, is insufficient to state a cause of action. *See Wiles*, 280 F.3d at 870; *Neubauer*, 849

F.3d at 404. Accordingly, plaintiff's claims against Officer Reed in his individual capacity must be dismissed.

### iii.    Defendants Lorts, Dowdy, Alexander, Jones, and Carl

Plaintiff has failed to adequately allege claims of deliberate indifference or any other constitutional violations against defendants Lorts, Dowdy, Alexander, Jones, and Carl, all of whom are correctional officers at the Phelps County Jail.

Plaintiff alleges that Sergeant Lorts knowingly made comments to inmates to deter them from pursuing legal action; knowingly violated inmates' rights to medical and dental care; ignored inmate medical needs; failed to train personnel; and failed to ensure the safety of inmates. (Docket No. 1 at 20).

Plaintiff alleges that Sergeant Dowdy failed to ensure that inmate medical and dental needs were being met; failed to properly train personnel; failed to dispense proper amounts of medication; allowed staff to violate inmate rights; failed to aid inmates in obtaining medical and dental care; and knowingly ignored inmate medical and dental needs.

Plaintiff alleges that Corporal Alexander failed to properly train personnel; failed to report his supervisor for violating inmates' rights to medical and dental care; failed to aid inmates in obtaining proper medical and dental care; and knowingly ignored inmate medical and dental needs. (Docket No. 1 at 22).

Plaintiff alleges that Officer Jones failed to report her supervisors for violating inmates' rights to medical and dental treatment; knowingly ignored inmates' need for medical and dental care; and failed to aid inmates in obtaining medical and dental care.

Plaintiff alleges that Officer Carl failed to dispense the proper amount of medication; failed to report his supervisor for violating inmates' rights to medical and dental treatment;

knowingly ignored inmates' need for medical and dental care; and failed to aid inmates in securing medical and dental care. (Docket No. 1 at 23).

None of the allegations against these five defendants are sufficient to state a claim of a constitutional violation. To begin, plaintiff fails to provide any facts demonstrating what each of these individual defendants did or did not do to violate his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). Instead, plaintiff relies heavily on labels and legal conclusions, essentially restating the same boilerplate allegations for each defendant. This is inadequate to state a claim for relief. *See Johnson*, 901 F.3d at 977 (stating that pleadings "must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Furthermore, plaintiff's bare assertions do not provide fair notice to the defendants as to what they are alleged to have done to violate plaintiff's rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Accordingly, plaintiff's claims against defendants Lorts, Dowdy, Alexander, Jones, and Carl in their individual capacities must be dismissed.

### iv.     Defendant Kelly

Plaintiff's claims that defendant Kelly, a nurse at the Phelps County Jail, failed to allow him to see a doctor for a period of approximately five months, and intentionally withheld prescribed medications, is sufficient for purposes of initial review.

Plaintiff asserts a number of different allegations against Nurse Kelly. He states that Nurse Kelly: failed to allow him to see the doctor; attempted to diagnose his injuries without the

doctor's consent; had his inmate account billed for services he did not request; lied to the doctor about medication that plaintiff did not receive; intentionally withheld on-hand medication days after it had been prescribed; and failed to follow the doctor's orders. (Docket No. 1 at 16-17).

Plaintiff's assertion that Nurse Kelly attempted to diagnose his injuries without his doctor's consent is insufficient to state a claim. This allegation is conclusory and provides no factual enhancement to demonstrate how Nurse Kelly's alleged actions constituted deliberate indifference to a serious medical need. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (stating that "naked assertions devoid of factual enhancement will not suffice" to state a cause of action). Likewise, plaintiff's claim that Nurse Kelly billed him for services he did not request fails because it does not state a constitutional violation. *See Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445 (8th Cir. 1995) ("Section 1983 relief is predicated on the denial of a right or interest protected by the Constitution"). Accordingly, these claims must be dismissed.

However, plaintiff's allegation that Nurse Kelly failed to allow him to see a doctor between November 2016 and April 2017 is sufficient to pass initial review. Plaintiff alleges that he was told he was placed on a list to see the doctor, but that months went by without an appointment. When he filed a grievance in February 2017, Nurse Kelly told him that he had refused an appointment, which plaintiff asserts is a lie. Plaintiff states he did not actually see a physician until April 2017. During this time period, plaintiff states that he experienced severe pain in his neck and back. In short, plaintiff insists that Nurse Kelly interfered with him seeing a doctor in a timely manner. Accepting these allegations as true, plaintiff's claim that Nurse Kelly denied him access to a doctor is adequate for purposes of initial review pursuant to §

1915(e)(2)(B). *See Vaughn*, 49 F.3d at 1346 (stating that deliberate indifference can include the intentional denial or delay of medical care).

Plaintiff's claim that Nurse Kelly failed to follow his doctor's orders by withholding prescribed medications is also sufficient to pass initial review. Specifically, plaintiff states that Nurse Kelly intentionally withheld on-hand medications, including Tylenol and Orajel, days after it had been prescribed by the doctor. The medications had been prescribed for plaintiff's pain, which he describes as excruciating. He further states that Nurse Kelly lied to the doctor by saying that plaintiff received medications that he had not been given. Accepting these allegations as true, plaintiff's claim that Nurse Kelly intentionally withheld prescribed medication is adequate for purposes of initial review pursuant to § 1915(e)(2)(B). *See Haltiwanger v. Mobley*, 230 F.3d 1363 (8th Cir. 2000) (unpublished decision) (stating that "allegation that prison official has ignored instructions of prisoner's treating physician by not dispensing prescribed medication is sufficient to state deliberate indifference claim").

For the reasons discussed above, plaintiff's allegations that Nurse Kelly attempted to diagnose him without the doctor's consent and billed him for services he did not request fail to state a claim and must be dismissed. However, plaintiff's claims that Nurse Kelly failed to allow him to see the doctor and intentionally withheld prescribed medication are sufficient for purposes of initial review. Accordingly, the Clerk of Court will be directed to serve process upon defendant Kelly in her individual capacity.

### v. Defendant Shults

Plaintiff's claim that defendant Shults, the Phelps County Jail administrator, intentionally denied him access to dental treatment is sufficient for purposes of initial review.

Plaintiff broadly asserts a number of allegations against Lieutenant Shults. He states that Lieutenant Shults: failed to hire qualified personnel; failed to properly train personnel; chose to ignore medical and dental issues with inmates; failed to respond to grievances in a timely manner; failed to properly respond to medical and dental grievances; knowingly allowed subordinates to violate inmates' constitutional rights; and knowingly denied medical and dental treatment that had been ordered by the doctor. (Docket No. 1 at 21).

Plaintiff's claims that Lieutenant Shults failed to hire qualified personnel, failed to properly train personnel, chose to ignore inmate medical and dental issues, and knowingly allowed subordinates to violate the constitutional rights of inmates all fail because they do nothing more than recite the elements of a cause of action, without providing any factual support. *See Wiles*, 280 F.3d at 870 ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Furthermore, plaintiff's claims that Lieutenant Shults did not timely or properly respond to his grievances also fail, because a prison grievance procedure is a procedural right only, and does not confer upon an inmate a substantive right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, these claims must be dismissed.

However, plaintiff's claim that Lieutenant Shults denied him dental treatment is sufficient to pass initial review. Plaintiff states that Lieutenant Shults is the administrator of the Phelps County Jail. He alleges that after coming to jail, he lost two fillings, his tooth broke, and he suffered from severe dental pain. (Docket No. 1 at 9, 12, 26). His doctor eventually diagnosed an abscessed tooth and ordered that he be seen by a dentist. Plaintiff made Lieutenant Shults aware of his condition by filing grievances. Moreover, plaintiff's attorney met with Lieutenant Shults,

and Lieutenant Shults assured the attorney that plaintiff would be taken to the dentist. (Docket No. 1 at 10). Nonetheless, as of the time he filed his complaint, plaintiff had not yet been seen by the dentist. Accepting these allegations as true, plaintiff's claim that Lieutenant Shults intentionally denied him dental care is adequate for purposes of initial review pursuant to § 1915(e)(2)(B). *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (stating that when "a prisoner needs medical treatment[,] prison officials are under a constitutional duty to see that it is furnished").

### F. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelly*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

### G. Plaintiff's Motion for Subpoenas

Plaintiff has filed a motion for subpoenas. (Docket No. 5). Discovery has not yet begun in this case, as a case management order has not been entered. Accordingly, plaintiff's motion will be denied as premature.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $0.81 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for subpoenas (Docket No. 5) is **DENIED** as premature.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Dionne Kelly in her individual capacity as to plaintiff's claims that she failed to allow him to see the doctor and intentionally withheld prescribed medication.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Matthew Shults in his individual capacity as to plaintiff's claim that he intentionally denied plaintiff dental treatment.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Administrator/President, Unknown Assistant Administrator/Vice President, Unknown Training Supervisor/Coordinator, Paul Burris, William Hickle, Brendon Fox, Matthew Crowell, Brittany Rowe, Rick Lisenbe, Steven Lorts, Unknown Dowdy, Unknown Alexander, Unknown Reed, Unknown Jones, and Unknown Carl are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Dionne Kelly and Matthew Shults in their officials capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Dionne Kelly and Matthew Shults in their individual capacities are **DISMISSED** without prejudice, **with the exception** of plaintiff's claims against Kelly for failing to allow him to see a doctor and intentionally withholding prescribed medications, and plaintiff's claims against Shults for intentionally denying him dental treatment.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be entered herewith. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 2nd day of January, 2019.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE