UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY LEE HUSKEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00731-AGF |
| | ) | |
| PAUL BURRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Dionne Kelly's[1] motion to dismiss for failure to comply with a Court Order, pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 59. For the reasons set forth below, the motion will be denied.

This prisoner civil rights case was filed by Plaintiff, who is proceeding pro se, on May 10, 2018. Following a frivolity review, the Court entered a Case Management Order on July 17, 2019, which required each party to make certain initial disclosures no later than August 15, 2019. ECF No. 55. On August 19, 2019, the Clerk of the Court sent a letter to Plaintiff returning discovery documents pursuant to Local Rule 3.02.[2]

---

[1] Defendant Lt. Matthew Shults, represented by different counsel, did not join the motion or file any response to the motion.

[2] Local Rule 3.02(A) provides:

In civil actions, discovery and disclosure materials pursuant to Fed.R.Civ.P. 26, 30, 31, 33, 34, 35, and 36, and the certificates of their service, shall not be filed with the Court except as exhibits to a motion or memorandum.

ECF No. 57. On August 28, 2019, the Clerk of the Court again returned discovery documents to Plaintiff pursuant to Local Rule 3.02.

On August 26, 2019, Defendant Kelly filed this motion to dismiss, citing Plaintiff's failure to provide her with any discovery or initial disclosures by the August 15, 2019 deadline. ECF No. 58, 59. Plaintiff has not responded to the motion, and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a cause of action due to a plaintiff's failure to comply with a court order. However, the remedy provided by the Rules for failure to make a timely disclosure is that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Certain Underwriters at Lloyd's v. SSDD, LLC*, 301 F.R.D. 391, 393 (E.D. Mo. 2014) (citing Fed. R. Civ. P. 37(c)(1)).

Here, Defendant Kelly has not cited any authority under which the Court may dismiss this case for Plaintiff's failure to timely make Rule 26(a)(1) initial disclosures, nor did Defendant Kelly attempt to obtain the disclosures through a Rule 37 motion to compel. *See Bryant v. Applied Sweepers, Inc.*, No. 4:09-CV-1802 CAS, 2011 WL 3510842, at *7 (E.D. Mo. Aug. 10, 2011) (denying motion to dismiss for failure to make initial disclosures for lack of authority and failure to file a motion to compel). Further, it appears that the failure to provide the disclosures may have resulted from the pro se Plaintiff's failure to understand proper procedures, and Defendant Kelly has not

explained how she would be harmed or prejudiced by a late disclosure. Accordingly, the motion to dismiss will be denied.

However, the Court will direct Plaintiff to provide his initial disclosures to Defendants on or before September 25, 2019. Plaintiff is reminded that although he is proceeding pro se, he must comply with Court rules and the Federal Rule of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives); *Schooley v. Kennedy,* 712 F.2d 372, 373 (8th Cir. 1983) (declaring pro se parties are not excused from complying with procedural and substantive law).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**. ECF No. 58.

**IT IS FURTHER ORDERED** that, **on or before September 25, 2019**, Plaintiff shall provide his initial disclosures to Defendants and file a notice of compliance with the Court. Plaintiff is advised that the disclosures and documents themselves must be served directly on defense counsel, and only the notice of compliance should be filed with the Court.

Dated this 5th day of September, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE